The appellant, Shenderryl K. Wilson, an inmate incarcerated at Donaldson Correctional Facility, filed a petition for a writ of habeas corpus, arguing that he has not been credited with sufficient time for the time he spent in jail awaiting trial. After the Alabama Department of Corrections ("DOC") responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that the circuit court erroneously summarily denied his petition. In his petition, he asserted that, in case number CC-02-4267 and case number CC-02-5973, he was incarcerated from April 15, 2002, until April 7, 2003; that he has not been credited with all of the time he spent in jail awaiting trial in those cases; and that he is entitled to credit for all of the time he spent in jail awaiting trial in those cases.
 "A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158
(Ala.Cr.App. 1993). Section 15-18-5, Ala. Code 1975, requires that a convicted person be `credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.'"
Graves v. State, 710 So.2d 535, 536
(Ala.Crim.App. 1997). Furthermore,
 "[w]hen the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner's specific claims, the State has failed to refute the facts alleged by the appellant and those facts must *Page 443 
therefore be taken as true. Swicegood. See also Boutwell [v. State, 488 So.2d 33, 34
(Ala.Crim.App. 1986)] ('The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.')."
Mintz v. State, 675 So.2d 1356, 1357-58
(Ala.Crim.App. 1995).
In this case, DOC did not refute the appellant's specific allegation that he is entitled to additional credit for the time he spent in jail awaiting trial. Rather, it attached an affidavit from Kathy Holt, the Correctional Records Director for DOC, in which she stated that DOC awards jail credit as certified by the circuit clerk; that it had awarded sixty-five days of jail credit in case number CC-02-4267 and no jail credit in CC-02-5973, as certified by the Jefferson County Circuit Clerk; and that it had properly calculated the appellant's minimum release date.
We addressed a similar situation in Quick v. State, [Ms. CR-06-0428, April 27, 2007] ___ So.2d ___, ___ (Ala.Crim.App. 2007), as follows:
 "Quick appeals from the circuit court's dismissal of his petition for a writ of habeas corpus, in which he challenges the calculation of credit for time he spent in jail before trial.
 "Quick argues that he was not credited with the proper amount of time for the time he served in jail while awaiting trial. Specifically, Quick claims that he has been continuously incarcerated since he was arrested for burglary in 1995 and that the clerk is crediting him only with jail time accrued from the date of his acquittal on the charge of capital murder to the date he was sentenced on his burglary convictions.
 "The State moved to dismiss Quick's petition. In support of its response, the State offered the affidavit of Kathy Holt, correctional records director for the Department of Corrections, averring that Quick received 213 days of jail credit for each burglary conviction based on the certified report of the clerk of the circuit court in which Quick was convicted and sentenced, as required by § 15-18-5, Ala. Code 1975. Attached to the affidavit were certified copies of the clerk's forms indicating the amount of credit Quick had accrued for time served. The trial judge subsequently dismissed the petition for the writ of habeas corpus.
 "Section 15-18-5, Ala. Code 1975, requires that `actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.' Although the State's response indicates that the Department awarded the jail credit as certified by the circuit clerk, the State's response does not sufficiently address the substance of Quick's claim in his petition: that the clerk of the sentencing court either miscalculated or misreported the correct amount of pretrial jail time on the forms submitted to the Department of Corrections.
 "Quick has alleged that he was not given jail credit for the years he spent in jail between his arrest in 1995 and his sentencing in 2003. His petition has sufficient merit to necessitate a hearing to determine whether the circuit clerk correctly calculated and reported Quick's jail credit and to ascertain how much time Quick did spend in jail pending trial on his burglary charges. See Frazier v. State, 800 So.2d 606 (Ala.Crim.App. 2000) (petition had sufficient merit to necessitate a hearing to determine whether jail credit was correctly calculated and reported); Johnson v. State, 681 So.2d 1104
(Ala.Crim.App. 1996) (inmate was entitled *Page 444 
to evidentiary hearing to determine whether pretrial jail time was properly calculated and reported). Accordingly, this case is remanded to the trial court with directions that the court hold a hearing on this issue."
In this case, the appellant alleged that he has not been properly credited with all of the time he spent in jail awaiting trial in case number CC-02-4267 and case number CC-02-5973. Also, DOC did not adequately address the substance of his allegations. Accordingly, we remand this case to the circuit court with instructions that it conduct an evidentiary hearing on the appellant's petition. If the circuit court determines that the appellant is not entitled to any additional credit, it shall make specific findings of fact explaining why he is not entitled to such credit. If the appellant is entitled to credit for additional time he spent in jail, then the circuit court should grant the petition, and the appellant should be given the additional credit against his sentences. The circuit court shall file a return to remand with this court, including its written findings of fact and a transcript of the evidentiary hearing, within 56 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
* Note from the reporter of decisions: On August 24, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 28, 2007, that court denied rehearing, without opinion.